UNITED STATES DISTRICT COURT
MIDDLE  DISTRICT OF FLORIDA

CASE NO. 25-00327-WFJ

UNITED STATES OF AMERICA

v.

JORGE LUIS HERNANDEZ VILLAZON ,

    Defendant.

_____/

### DEFENDANT'S MOTION FOR LEAVE TO FILE A REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS

Defendant, Jorge Hernandez Villazon, through undersigned counsel, respectfully moves this Court, pursuant to Middle District of Florida Local Rule 3.01( c), for leave to file a Reply in support of his Motion to Dismiss.

Good cause exists to permit a Reply. The government's Response relies on factual assertions outside the four corners of the Indictment, reframes governing Eleventh Circuit precedent, and invokes a Superseding Indictment that was returned only after Mr. Hernandez filed his Motion to Dismiss. The Response thus expands the issues beyond those presented in the original motion and introduces new arguments that warrant a targeted reply.

A Reply will assist the Court in resolving this dispositive motion by addressing the legal significance of the Superseding Indictment and clarifying the controlling law governing the sufficiency of the fraud allegations. Allowing a Reply will ensure that the Court has a complete and accurate presentation of the issues before ruling. Accordingly, Mr. Hernandez respectfully requests that the Court grant leave to file a

Reply.

## PROCEDURAL BACKGROUND

On June 17, 2025, Mr. Hernandez was arrested in Weston, Florida, pursuant to a criminal complaint filed in the Middle District of Florida alleging wire fraud. (ECF No. 1). Mr. Hernandez was brought before the Court in the Southern District of Florida and shortly thereafter removed to the Middle District of Florida for further proceedings.

On July 1, 2025, a grand jury in the Middle District of Florida returned a one count indictment charging M. Hernandez with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349. (ECF No. 60). Mr Hernandez was the sole defendant charged. Months after counsel's appearance, the government moved to disqualify counsel based on an alleged conflict. Following multiple hearings, the Court denied that request on January 30, 2026. (ECF No. 72).

On March 30, 2026, Mr. Hernandez filed a Motion to Dismiss the Indictment pursuant to Federal Criminal Rule of Procedure 12(b) and the Sixth Amendment. (ECF No. 72). The Court directed the government file a response by April 9, 2026. (ECF No. 74).

On April 9, 2026, the government filed its Response (ECF No. 77) and on the same day, returned a Superseding Indictment. (ECF No. 78). The Superseding Indictment added a money laundering conspiracy charge and a second defendant, while leaving the original wire fraud conspiracy count essentially unchanged.

## MEMORANDUM OF LAW

### A.     Good Cause Exists for Leave

Good cause exists for leave to file a reply because the government's Response does not merely oppose the Motion to Dismiss. It reshapes the legal landscape, introduces new arguments, and relies on materials the Court cannot consider at this stage.

First, the government relies extensively on factual assertions outside the Indictment, including excerpts from communications, summaries of anticipated testimony, and narrative characterizations of the alleged scheme. That approach is legally improper. A motion to dismiss tests the sufficiency of the charging instrument, not the strength of the government's evidence. Because the government's Response attempts to substitute proof for pleading, a Reply is necessary to restore the proper analytical framework.

Second, the government's Response invokes the recent case of *Kousisis v. United States*, 605 U.S.114 (2025), in a manner that misstates the decision's holding as applied here. *Kousisis* addressed whether a defendant must intend net economic harm. It did not eliminate the requirement that the government identify a material misrepresentation. *See Kousisis*, 605 U.S. at 124 (holding that the statute focuses on obtaining "money or property," regardless of net economic loss). At the same time, the Court reaffirmed that the statute requires a material misstatement. *Id.* at 135 ("The 'demanding' materiality requirement substantially narrows the universe of actionable misrepresentations."). The government relies on *Kousisis* for what it removes while

-3-

ignoring what it requires. Even under *Kousisis*, the government must allege what was false. The Superseding Indictment still does not do so.

Lastly, the government filed a Superseding Indictment contemporaneously with its Response. That procedural posture is significant. The Superseding Indictment expands the allegations, adds a new count, and introduces a new defendant, yet leaves untouched the core deficiency identified in the Motion to Dismiss. A Reply will assist the Court in evaluating whether the government's expansion of the case cures that defect or instead confirms it.

Taken together, these developments present issues that were not fully joined in the initial briefing and that warrant a concise reply to ensure that the Court has the benefit of complete and accurate legal analysis.

B.    The Proposed Reply Will Assist the Court

The proposed Reply is narrowly tailored. It addresses the government's newly articulated legal position, clarifies the governing pleading standard under controlling precedent, and explains why neither the government's Response nor the Superseding Indictment cures the deficiencies identified in the Motion to Dismiss.

The Reply does not raise new arguments. It responds directly to issues first advanced by the government and will aid the Court in resolving a dispositive motion that goes to the sufficiency of the charging instrument.

CONCLUSION

For these reasons, Mr. Hernandez  respectfully requests that this Court grant leave to file a Reply in support of the Motion to Dismiss.

<u>Local Rule 3.01(g) Certification</u>

Undersigned counsel conferred with AUSA Daniel Baeza regarding the relief requested in this motion who stated that the government opposed the granting of this request

Respectfully submitted,

**PIÑERA-VAZQUEZ LAW FIRM**
901 Ponce De Leon Blvd
Suite 400
Coral Gables, Fl. 33134
Tel:  (305) 443-0629
Fax: (305) 377-3030

   /s/ Silvia B. Piñera-Vazquez
Silvia B. Piñera-Vazquez
sbp@pineravazquezlaw.com

<u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on April 13, 2026, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.

   /s/ Silvia B. Piñera-Vazquez
Silvia B. Piñera-Vazquez, Esq.