UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 25-cr-00327-WFJ

UNITED STATES OF AMERICA

v.

JORGE LUIS HERNANDEZ VILLAZON,

Defendant.
_______________________________________/

DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER
DENYING MOTION FOR BILL OF PARTICULARS

Defendant, Jorge Luis Hernandez Villazon, through undersigned counsel and pursuant to Federal Rule of Criminal Procedure 59(a), respectfully objects to the Magistrate Judge's September 15, 2026 Order denying his Motion for Bill of Particulars. [ECF No. 144]. The Order should be set aside because it is contrary to law and does not address the principal particular sought by the defense.

Mr. Hernandez did not principally seek the identities of coconspirators or cooperators, nor did he seek a preview of the government's evidence. He sought identification of the alleged misrepresentations that constitute the charged fraud, including the "actual words, context, and circumstances of those alleged statements." [ECF No. 75 at 2, 9].

That particularization is especially important given the unusual facts of this case. The alleged statements were made while Mr. Hernandez was working as a paralegal within criminal defense teams representing individuals facing federal prosecution and extradition. During the charged period, he was also acting as a

documented confidential informant for the United States government. Discussions concerning cooperation, substantial assistance, and potential sentence reductions could legitimately arise in both contexts. The critical question is therefore what Mr. Hernandez actually said that the government contends transformed those communications into criminal fraud.

Yet the Superseding Indictment alleges only that Mr. Hernandez made "promises" of substantial sentence reductions. It does not identify the words used, the substance of any particular representation, or what made the representation false or fraudulent when made. The Order concludes that particularization is unnecessary because Mr. Hernandez possesses WhatsApp communications with persons who allegedly paid money based upon his "assurances of low sentences." [ECF No. 144 at 3]. But possession of hundreds of conversations does not identify which statements the government contends were fraudulent. Replacing the undefined word "promises" with the equally undefined phrase "assurances of low sentences" does not identify the alleged misrepresentation.

That is the central issue presented by this objection. The alleged misrepresentation is not merely evidence of the offense. It is the conduct the government contends made the transaction fraudulent. The defense does not ask the government to disclose how it intends to prove its case. It asks the government to identify what it contends constitutes the fraud.

## I. STANDARD OF REVIEW

Federal Rule of Criminal Procedure 59(a) provides that when a magistrate judge

decides a nondispositive matter, the district judge must consider timely objections and "modify or set aside any part of the order that is contrary to law or clearly erroneous." Fed. R. Crim. P. 59(a).

Under the Fifth and Sixth Amendments, an indictment must be sufficiently specific to inform the defendant of the charge against him and must set forth the essential elements of the crime. *United States v. Cole*, 755 F.2d 748, 759 (11th Cir. 1985) (citing *Hamling v. United States*, 418 U.S. 87, 117 (1974)). This requirement places the defendant on notice of the nature and cause of the accusation as required by the Sixth Amendment and fulfills the Fifth Amendment indictment requirement by ensuring that the grand jury found probable cause supporting the necessary elements of the crime. *United States v. Dabbs*, 134 F.3d 1071, 1079 (11th Cir. 1997).

Rule 7(f) provides an additional mechanism where the indictment does not provide the factual precision necessary to understand the charge. The purpose of a bill of particulars is to inform the defendant of the charge with "sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *Cole*, 755 F.2d at 760.

Significantly, *Cole* recognizes that "where an indictment fails to set forth specific facts in support of requisite elements of the charged offense, and the information is essential to the defense, failure to grant a request for a bill of particulars may constitute reversible error." *Id.* (quoting *United States v. Crippen*, 579 F.2d 340, 347 (5th Cir. 1978)). The Eleventh Circuit has further explained that "[a] bill

of particulars, properly viewed, supplements an indictment by providing the defendant with information *necessary* for trial preparation." *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986)(emphasis in original).

The question presented here is therefore not simply whether the Superseding Indictment recites the statutory elements of the offenses. It is whether the government has identified the conduct underlying its generalized allegation of fraudulent "promises" with sufficient precision to permit Mr. Hernandez to know the accusation he must defend. Contrary to the Magistrate Court's holding, it has not.

## II. OBJECTIONS TO MAGISTRATE ORDER

### A. The Order Does Not Address the Principal Particular Sought by Defense

The principal issue raised in Mr. Hernandez's Motion for Bill of Particulars was the government's failure to identify the alleged misrepresentations that constitute the charged fraud. Specifically, Mr. Hernandez sought identification of the "actual words, context, and circumstances of those alleged statements." [ECF No. 75 at 2]. That information is particularly critical given the unique facts of this case. Mr. Hernandez was working within legal defense teams when the alleged promises were made. Communications concerning cooperation, sentencing exposure, substantial assistance, and potential sentence reductions therefore occurred in the course of legitimate defense work. To distinguish those communications from criminal fraud, the government must identify the representations it contends were fraudulent.

The Superseding Indictment alleges that Mr. Hernandez made promises of substantial sentence reductions to persons facing prosecution in the United States. Yet

it does not identify what Mr. Hernandez allegedly said. It does not quote or describe a particular representation. It does not identify which words constituted an alleged promise. It does not state whether the government contends that Mr. Hernandez guaranteed a particular sentence, represented that a prosecutor had approved a reduction, claimed authority to secure a particular result, or made some other allegedly false representation.

Those distinctions are not evidentiary details. They determine whether the alleged communication constitutes fraud at all. A discussion concerning the possibility of a sentence reduction is materially different from a guarantee that a particular sentence will be imposed. A prediction concerning the potential benefit of cooperation is different from a knowingly false representation that the government has already agreed to a particular result. In the context of a legal defense team, the actual words, context, and circumstances of the alleged statement are therefore essential to identifying the conduct the government contends was criminal. The alleged misrepresentation is not merely evidence of the offense. It is the conduct the government contends made the transaction fraudulent.

The Order does not address that request. Instead, it characterizes Mr. Hernandez's Motion as requesting identification of "the specific wires" and disclosure of "the acts or statements [the government] will rely on to prove Hernandez Villazon's acts in furtherance of the fraud scheme." [ECF No. 144 at 2].

Respectfully, that characterization materially changes the nature of the principal request. Mr. Hernandez did not ask the government to identify the evidence

it will rely upon to prove the scheme. He asked the government to identify the statements it contends constitute the fraudulent misrepresentations themselves. The distinction is fundamental. Asking the government to identify the evidence it will use to prove an already identified fraudulent statement may seek disclosure of its proof. Asking the government to identify the statement that it contends was fraudulent asks the government to identify the charged conduct.

The Order later concludes that Mr. Hernandez's claim that he is unaware of "cooperator identities or what was represented to them on specific wires lacks merit" because he possesses WhatsApp chats with persons who allegedly paid money based upon his "assurances of low sentences." [ECF No. 144 at 3]. Again, that answers a different question.

Mr. Hernandez does not contend that he does not know the identities of persons with whom he communicated. Nor does he principally seek the identities of coconspirators or cooperators. He seeks identification of the particular statements within those communications that the government contends constitute the fraudulent representations charged in the Superseding Indictment.

Possession of the conversations does not provide that notice. Knowing who participated in a conversation and possessing the communication itself does not tell Mr. Hernandez which statement the government contends was false, what the government contends the statement represented, or why it was fraudulent when made. This is particularly significant where the communications arose from Mr. Hernandez's work within legal defense teams and concerned subjects that legitimately include

cooperation and potential sentencing outcomes.

The government has chosen to characterize unidentified communications as "promises" and "assurances of low sentences." But those characterizations cannot substitute for identification of the underlying representations. Without knowing what was actually said, the defense cannot determine whether the government is alleging a false statement of fact, a guarantee of a particular result, a prediction concerning the potential benefits of cooperation, or an otherwise lawful discussion concerning sentencing. That is the particular Mr. Hernandez sought in his Motion and the Order does not address it.

**B. Government's Production of Discovery Does not Identify the Alleged Fraudulent Misrepresentations**

The Order relies upon the government's representation that "discovery production is ongoing" and concludes that Mr. Hernandez already possesses much of the information sought. [ECF No. 144 at 3]. But production and particularization serve different purposes. Production tells the defense what evidence exists. Particularization identifies the conduct the government contends constitutes the crime.[1]

Mr. Hernandez possesses hundreds of communications. That does not identify which statements within them the government contends were fraudulent. Courts have

---

[1]/ To date the government has provided over three terabyte of discovery and the WhatsApp communications relied upon by the government are in Spanish and only a few have been translated. The government has identified the statements it contends constitute the alleged fraudulent promises or "assurances of low sentences." Thus, the mere production of untranslated communications provides even less support for the conclusion that discovery has supplied the particularization Mr. Hernandez requested.

rejected requiring defendants to sift through discovery to determine for themselves which transactions or documents form the basis of the charged fraud. *See United States v. Bortnovsky*, 820 F.2d 572, 574-75 (2d Cir. 1987)("We conclude that appellants were hindered in preparing their defense by the district court's failure to compel the government to reveal crucial information: the dates of the fake burglaries and the identity of the three fraudulent documents."); Un*ited States v. Anderson*, 441 F. Supp. 2d 15, 19 (D.D.C. 2006) (agreeing that "it is not a sufficient response to a motion for a bill of particulars to point to the voluminous discovery already provided or to a governmental open file policy"); *United States v. Campos-Reyes*, 2026 U.S. Dist. LEXIS 168311, (M.D.Al. July 29, 2026)(government does "not fulfill its obligation merely by providing mountains of documents to defense counsel" who is left to discern which documents and what information may apply to a particular count).

The government could produce every WhatsApp communication Mr. Hernandez exchanged with every alleged victim and still fail to answer the central question presented by the Motion – Which statement does the government contend was false or fraudulent? Only the government can answer that question.

Possession of the WhatsApp communications therefore does not provide the particularization Mr. Hernandez sought. The Order's reference to "assurances of low sentences" illustrates the problem. What was the assurance? Did Mr. Hernandez allegedly guarantee a particular sentence? Did he represent that a prosecutor had already approved a reduction? Did he claim authority to control a prosecutorial decision? Did he predict the likely result of successful cooperation? Did he discuss a

potential sentencing benefit that could result if cooperation proved useful? Neither the Superseding Indictment nor the Order answers those questions.

The distinction is particularly important because the alleged communications occurred in the context of criminal defense representation and discussions concerning cooperation and potential sentencing reductions. The difference between a prediction, a conditional assessment, an expression of opinion, and a fraudulent guarantee depends upon the actual statement and its context.

There is an additional circumstance that makes identification of the alleged misrepresentations particularly important. During the charged period, Mr. Hernandez was also acting as a documented confidential informant for the United States government. Communications concerning cooperation and its potential benefits therefore occurred against the backdrop of both his work within criminal defense teams and his relationship with law enforcement. In that context, the government cannot characterize unidentified discussions concerning cooperation as fraudulent "promises" without identifying what Mr. Hernandez actually said and what made the representation false when made.

Nor can the government transform an unidentified communication into fraud merely by characterizing it first as a "promise" and later as an "assurance." The defense is entitled to know the underlying statement that supposedly supports those characterizations. There is a fundamental difference between possession of evidence and notice of the accusation.

### C. Eleventh Circuit Precedent Supports Particularization of Alleged Misrepresentations

Eleventh Circuit precedent distinguishes between an improper request for the government's evidence and a proper request for information necessary to identify the charged conduct. In *Cole*, the Court recognized that when an indictment fails to provide specific facts essential to the defense, denial of a bill of particulars may constitute reversible error. 755 F.2d at 760. *Anderson* similarly recognizes that a bill of particulars supplements an indictment by providing information necessary for trial preparation. 799 F.2d at 1441.

The Order relies on *United States v. Martell*, 906 F.2d 555, 558 (11th Cir. 1990), for the proposition that a defendant is not entitled to particulars concerning information already available through other sources. [ECF No. 144 at 3 n.1]. But *Martell* involved a materially different circumstance. The defendant had already been tried on the same indictment and was therefore "acutely aware" of the offenses the government intended to prove. *Id.* No comparable disclosure exists here identifying the alleged fraudulent representations.

*United States v. Holzendorf*, 576 F. App'x 932, 935-36 (11th Cir. 2014), illustrates the distinction. There, the government had already identified nine types of misrepresentations and specific examples. The defendant sought identification of every misrepresentation the government intended to prove. Here, the government has not identified nine categories, three categories, or even one particular misrepresentation. Mr. Hernandez does not seek the evidence by which the government will prove an identified fraud. He seeks identification of the fraud itself.

Further, the Order concludes that because the indictments "track the statutory language and adequately inform[] Hernandez Villazon," there are "no further requirements imposed under Rule 7(f)." [ECF No. 144 at 3]. Respectfully, that reasoning conflates the sufficiency of the indictment with the separate function of a bill of particulars. An indictment may adequately allege the statutory elements while failing to provide the factual precision necessary to prepare a defense. *Cole*, 755 F.2d at 760. Otherwise, Rule 7(f) would have little function whenever an indictment tracked the statute.

That is the problem here. The Superseding Indictment alleges fraudulent "promises" of substantial sentence reductions but never identifies the representations that made those promises fraudulent. Repetition of the statutory elements does not supply the missing conduct.

**D. Requested Particulars are Narrow**

Mr. Hernandez principally requests identification of each statement, or the substance of each statement, the government contends constitutes a false or fraudulent representation. Identification of the recipient, approximate date, and transaction allegedly induced by the representation provides the context necessary to understand the alleged fraud.

The same is true of the alleged wires. The Order states that third parties in Colombia transferred money to Mr. Hernandez in the United States and characterizes those transfers as the wires at issue. [ECF No. 144 at 3]. That identifies a category of transactions, not the transactions themselves. The government should identify the

transfers it contends furthered the charged scheme.

Mr. Hernandez does not seek every coconspirator, witness, communication, or evidentiary detail. Nor does he seek the government's theory of proof or trial strategy. He asks the government to identify the alleged misrepresentations and the transactions it contends resulted from or furthered them.

Those particulars do not disclose how the government will prove its case. They identify what the government contends constitutes the crime.

## III. CONCLUSION

The central deficiency remains unanswered. The government charges Mr. Hernandez with fraud based on alleged "promises" of substantial sentence reductions but has never identified the statements that constitute those promises or what made them fraudulent when made.

That identification is particularly important where the communications occurred in the context of Mr. Hernandez's work within criminal defense teams and his documented relationship as a government informant. Possession of the communications does not identify which statements the government contends crossed the line into fraud. Mr. Hernandez does not seek the government's evidence or trial strategy. He seeks identification of the alleged fraud itself.

**WHEREFORE**, Mr. Hernandez respectfully requests that the Court sustain his objections, set aside the September 15, 2026 Order [ECF No. 144], and direct the

government pursuant to Rule 7(f) to provide the requested particulars.

Respectfully submitted,

PIÑERA-VAZQUEZ LAW FIRM
901 Ponce De Leon Blvd
Suite 400
Coral Gables, Fl. 33134
Tel: (305) 443-0629
Fax: (305) 377-3030

/s/ Silvia B. Piñera-Vazquez
Silvia B. Piñera-Vazquez
sbp@pineravazquezlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 29, 2026, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.

/s/ Silvia B. Piñera-Vazquez
Silvia B. Piñera-Vazquez, Esq.